# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 17-0448V**
**Filed: March 15, 2018**
UNPUBLISHED

| | |
|---|---|
| BETTY CHALLY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On March 28, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury as a result of receiving an influenza ("flu") vaccine on November 13, 2015. Petition at ¶ 2. On January 24, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 32).

  On February 22, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 36). Petitioner requests attorneys' fees in the amount of $19,842.70 and attorneys' costs in the amount of $1,137.11. (*Id.* at 1-2.) Additionally, in compliance

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $8.65 in out-of-pocket expenses. (*Id.* at 2). Thus, the total amount requested is $20,988.46.

On February 26, 2018, respondent filed a response to petitioner's motion. (ECF No. 37). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1). Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2). Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3).

On February 27, 2018, petitioner filed a reply. (ECF No. 38). Petitioner disputes respondent's position that she has no role in resolving attorneys' fees and costs and further reiterates her view that her attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request. The undersigned reduces the hourly rate sought by 50% for 2.5 hours of travel time expended by another attorney at petitioner's counsel's law firm, Isaiah Kalinowski.[3] In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* This reduction in time billed for travel[4] results in a reduction of $447.50 in the amount of attorneys' fees sought.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] Mr. Kalinowski's travel occurred on April 27 - 28, 2017, at which time his hourly rate was $358 per hour. (*See* ECF No. 36-1, p. 4.) The rate reduction is for entries which reflect that no work was performed.

[4] Mr. Kalinowski's travel time was billed at half his rate with the exception of the travel entry dated April 27, 2017 for 2.5 hours at $358 per hour for a total of $895.00. Mr. Kalinowski the billing entry narrative states 1.25 hours of time was billed for travel however 2.5 hours was actually billed.

**Accordingly, the undersigned awards the total of $20,540.96[5] as follows:**

- **A lump sum of $20,532.31, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Alison H. Haskins; and**

- **A lump sum of $8.65, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

- **Petitioner requests payment shall be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.